USDC SCAN INDEX SHEET










RXC   5/29/02   11:16
3:02-CV-01042   RIBERA V. US DEPT HEALTH
*2*
*P/A.*

```
Douglas V. Brust, Esq.  SBN 059185
SHIFFLET KANE & KONOSKE, LLP
1230 Columbia Street, Suite 900
San Diego, CA 92101
Telephone: (619) 239-0871

Attorneys for MOVANT
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY RIBERA,<br><br>Movant,<br><br>vs.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Case No. 02 CV 01042 H (NLS)<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISIONS OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978<br><br>DATE: 7/22/02<br>TIME: 10:30 a.m.<br>PLACE: Courtroom 1<br>JUDGE: |

I.

**THE SUBPOENA FOR A CUSTOMER'S PERSONAL BANK RECORDS MUST STATE WITH REASONABLE SPECIFICITY THE NATURE TO THE LAW ENFORCEMENT INQUIRY**

12 USC Section 3407 reads in pertinent part as follows:

> A Government authority may obtain financial records under Section 3402(4) of this title pursuant to judicial subpoena only if
>
> (2) A copy of the subpoena has been served upon the customer or mailed to his last known address on or before the date on which the subpoena was served on the financial institution together with the following notice

1

Points and Authorities in Support of Motion to Quash

which <u>shall state with reasonable specificity that nature of the law enforcement inquiry</u>.

12 USC Section 3402 states:

> Except as provided by Section 3403(c) or (d), 3413, or 3414 of this title, no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution unless the financial records are reasonably described and
>
> (4) Such financial records are disclosed in response to a judicial subpoena which meets the requirements of Section 3407 of this title.

12 USC 3403(c) reads in pertinent part as follows:

> "Nothing in this chapter shall preclude any financial institution, or any officer, employee, or agent of a financial institution, from notifying a Government authority that such institution, or officer, employee, or agent has information which <u>may be relevant to a possible violation of any statute or regulation.</u>"

12 USC 3405 states in pertinent part:

> A Government authority may obtain financial records under Section 3402(2) of this title pursuant to an administrative subpoena or summons otherwise authorized by law only if:
>
> (1) There is reason to believe that the records sought are relevant to legitimate law enforcement inquiry;
>
> (2) A copy of the subpoena or summons has been served upon the customer or mailed to his last known address on or about the date on which the subpoena or summons was served on the financial institution together with the following notice which when <u>shall state with reasonable specificity the nature of the law enforcement inquiry</u>.

A Court might block enforcement if the party under investigation were able to establish that there was clearly no factual or legal support for the agencies preliminary determination

2
Points and Authorities in Support of Motion to Quash

to investigation. <u>EEOC vs. University of Pennsylvania</u>, 850 F.2d 969, 980-981 (1990).

A subpoena request must be made in good faith. A Court may inquire into the intent if the recipient makes an adequate showing that the agency is acting in bad faith or for an improper purpose. <u>Resolution Trust Corp. vs. Frates</u>, 61 F3d 962, 965 (D.C. Cirp. 1995).

The Inspector General Act of 1978 located at 5 USC App. 3 Sections 1-11 do not state anywhere therein that the subject subpoena may be issued and complied with by the financial institution when the only reason stated for the issuance of the subpoena is "in connection with an investigation into possible violations of Federal law."

The response time constraints composed by 12 USC 3405(3) have been extended by agreement to May 30, 2002. Attached hereto and incorporated herein by reference is a true and correct copy of a letter from Movant's attorney to Special Agent Roy confirming this extension.

II.

**ARGUMENT**

While this moving party is prepared to concede that certain procedural aspects of this subpoena have been followed, this moving party vigorously objects to the patent vagueness of the reason/purpose for this subpoena as well as the relevance of the documents being requested from this moving party's personal bank records.

The Inspector General Act allows for certain broad subpoena powers. However, there must be some greater specificity for the

Points and Authorities in Support of Motion to Quash

reason for the subpoena of personal bank records in order for a moving party to be aware of and present reasonable arguments on the issue of relevance or possible abuse of process. In this situation, the subpoena which is attached hereto to Movant's papers fails to allow for even the most basic arguments against it.

Dated: 5/28/02

SHIFFLET, KANE & KONOSKE, LLP

Douglas V. Brust, Esq
Attorney for Movant
Jeffrey Ribera

4
Points and Authorities in Support of Motion to Quash

Date: 5/13/02

## CUSTOMER NOTICE

Dear __Jeffrey Ribera__ :

Records concerning your financial transactions held by the financial institution named in the enclosed subpoena are being sought by the Department of Health and Human Services in accordance with the Right to Financial Privacy Act of 1978 (RFPA), 12 USC §§3401-3422, for the following purpose (s).

__An investigation into possible violations of federal law__

A statement of your rights under the RFPA as a customer of the financial institution named above is enclosed. If you have no objection to having the financial records identified released by the financial institution, please complete the Customer Consent and Authorization form enclosed and return it to this office.

If you desire such records or information not be made available, read the inclosed instruction for completing and filing the enclosed motion paper and sworn statement. Then:

1. Fill out the enclosed motion paper and sworn statement (as indicated by the instructions beneath each blank space) or write one of your own, stating that you are the customer whose records are being requested by the Government, and giving either the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

2. File the motion and sworn statement by mailing or delivering them to the Clerk of any of the following United States District Courts (in some cases, there will be only one appropriate court):

   a. __U.S. District Court, Southern District of California, 880 Front Street, Suite 4290, San Diego, CA 92101-8900__
   b. _____
   c. _____

   Please include with your motion and sworn statement, a copy of the attached subpoena and a copy of this notice.

3. Serve the Government authority requesting the records by mailing (registered or certified mail) or hand delivering a copy of your motion and sworn statement to our office.

4. Be prepared to go to court and present your position in further detail.

You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures upon the expiration of 10 days from the date of service (or 14 days from the date of mailing) of this notice, the records or information requested therein may be made available. These records may be transferred to other Government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer.

Sincerely yours,

*Valy Roberts*
Regional Inspector General
for Investigations

(714) 246 8293
Telephone Number

Enclosures:
Subpoena
Statement of Customer Rights
Customer Consent and Authorization Form
Motion/Statement Instructions
Motion Form
Sworn Statement Form

# UNITED STATES OF AMERICA

### DEPARTMENT OF HEALTH AND HUMAN SERVICES
### OFFICE OF INSPECTOR GENERAL

## SUBPOENA DUCES TECUM

*To:* Custodian of Records
Union Bank of California
4771 Spring Street
La Mesa, CA 92041

*YOU ARE HEREBY COMMANDED TO APPEAR BEFORE* Vicky L. Roberts, *an official of the Office of Inspector General, at* 750 B Street, Suite 1820, *in the City of* San Diego, *and State of* California, *on the* 28th *day of* May, 2002, *at* 8:00 *o'clock,* A.M., *of that day, in connection with an investigation into possible violations of federal law ; and you are hereby required to bring with you and produce at said time and place the following:*

See Attachment A

*which are necessary in the performance of the responsibility of the Inspector General under Public Law 95-452 [5 USC App. 3 Section 6(a)(4)], as amended by Public Law 100-504, to conduct and supervise audits and investigations and to promote economy, efficiency and effectiveness in the administration of and to prevent and detect fraud and abuse in the programs and operations of the Department of Health and Human Services.*

*IN TESTIMONY WHEREOF*

*the undersigned official of the Office of Inspector General of said DEPARTMENT OF HEALTH AND HUMAN SERVICES, has hereunto set her hand this* 7th *day of* May , 2002.

Vicky Roberts

**UNITED STATES OF AMERICA
DEPARTMENT OF HEALTH AND
HUMAN SERVICES
OFFICE OF INSPECTOR GENERAL**

**SUBPOENA DUCES TECUM**

*Upon contumacy or refusal to obey, this subpoena shall be enforceable by order of the appropriate United States District Court.*

**RETURN OF SERVICE**

*I, being a person over 18 years of age, hereby certify that a copy of this subpoena was duly served on the person named herein by means of:-*

1. *personal delivery to an individual, to wit:*

_____
*(Name)*

_____
*(Title)*

_____
*(Address)*

2. *personal delivery to an address, to wit:*

_____
*(Description of premises)*

_____
*(Address)*

_____
*(Address)*

3. *registered or certified mailing to:*

_____
*(Name)*

_____
*(Address)*

_____
*(Address)*

at ____ ( ) a.m.
    ( ) p.m. on _____,

_____
*(Signature)*

_____
*(Title)*

OIG-1 (1/2000)

# ATTACHMENT A

For the time period from January 1, 1998, to the present, provide the documents described below related to the following individual, and any and all accounts held individually or jointly by this individual:

Jeffrey Ribera, DOB 12-14-58, SSN 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 or 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, including but not limited to account number 0061451159;

1. For all checking, savings, and other depository accounts, including accounts for which the above named is a custodian, trustee or beneficiary, and certificates of deposit:

    a. Signature cards and applications and deposit contracts;

    b. Periodic or monthly bank statements and ledger cards;

    c. Deposit slips and items deposited for all deposits (front and back):

    d. Credit and debit items;

    e. All canceled checks (front and back);

    f. All correspondence; and,

    g. For all certificates of deposits, such certificates, all records relating to their purchase and payment at maturity, including checks paying such matured balances.

2. Annual statements on interest earned.

3. For all loans and lines of credit, all:

    a. Applications, financial statements and income verifications;

    b. Loan proceed disbursement records, including canceled checks issued;

    c. Loan contracts and notes executed;

    d. Annual statements of interest and principal paid;

    e. Payment records, including ledger sheets and instruments of payment;

    f. Correspondence;

    g. Letters of credit; and,

    h. Loan offering sheets, bank loan committee approval memoranda, internal memoranda and documents of guarantee.

4. All records pertaining to all notes and accounts held for collection on behalf of the above named, including ledger sheets, notes, or contracts and disbursement records and checks issued.

5. All records pertaining to all escrow and fund control service, including escrow instructions, closing statements, specific identification of all deposits or credits made to escrow and all correspondence.

6. All records pertaining to the possession of all safety deposit boxes, including applications, rental contracts and entry records for the stated period.

7. All records pertaining to the purchase by the above named of personal money orders, treasurer's checks or checks drawn on the bank's own account at the correspondent bank and cashier's checks, including applications for cashier's checks and canceled cashier's checks, for all checks in the amount of $2000.00 or more.

8. Wire transfers in the amount of $2000.00 or more.

9. All currency transaction reports related to the above named account (IRS Form 4789), and certificate of foreign status (Form W-8).

10. All correspondence with or relating to the above-named.