USDC SCAN INDEX SHEET










CAG   8/8/02   11:40
3:02-CV-01042   RIBERA V. US DEPT HEALTH
*12*
*O.*

FILED

02 AUG -8 AM 10:52

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DARRELL BRAITHWAITE,
JEFFREY RIBERA,
RICHARD PRICE,
MARY PRICE,

                      Petitioner,

vs.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

                      Respondent.

CASE NO. 02-CV-1041 H (NLS)
CASE NO. 02-CV-1042 H (NLS)
CASE NO. 02-CV-1043 H (NLS)
CASE NO. 02-CV-1044 H (NLS)

**ORDER DENYING PETITIONERS' MOTIONS TO QUASH SUBPOENA**

On May 28, 2002, Petitioners Darrel Braithwaite ("Braithwaite"), Jeffrey Ribera ("Ribera"), Richard Price ("Price") and Mary Price[1] filed four separate motions for order to quash subpoena pursuant to customer challenge provisions of the Right to Financial Privacy Act of 1978. On July 29, 2002, Respondent United States Department of Health and Human Services ("DHHS") filed an opposition. On August 7, 2002, Petitioners filed a reply.

////

////

---

[1] Mary Price, the wife of Richard Price and mother of Jeffrey Ribera, filed a motion to quash subpoena and argues she has no involvement in U.S. Seminar. However, no subpoena was issued to Mary Price. Cf. McVane v. F.D.I.C., 44 F.3d 1127, 1138 (2d Cir. 1995) (holding that family members named in subpoena requires greater scrutiny). The subpoena is directed to Richard Price's financial records. However, to the extent that Mary Price's financial records are part of Richard Price's financial records, those records shall be produced.

02cv1041/02cv1042/02cv1043/02cv1044

## Background

U.S. Seminar Corporation is a for profit company located in La Mesa, California that provides education on medical practices regarding Medicare changes and practice management. Braithwaite is U.S. Seminar's Operations/Sales Manager and provides instruction to U.S. Seminar employees on its policies and procedures. Ribera is President of U.S. Seminar and also serves as the Chairman of the Board of Directors. Richard Price is Vice President, Secretary and Chief Financial Officer of U.S. Seminar. As of June 2002, Ribera and Price were the only Directors of U.S. Seminar and the only shareholders. As a shareholder, Price nominated Ribera to be his proxy, essentially making Ribera the sole shareholder, Director, Chairman of the Board and President of U.S. Seminar.

In 1997, DHHS Health Care Finance Administration ("HCFA") (now known as the Centers for Medicare and Medicaid Services) informed the Office of the Inspector General ("OIG") that various healthcare providers and insurance carriers were complaining about U.S. Seminar's mail and telephone solicitations.

The complainants stated that they were led to believe that U.S. Seminar's programs were either sponsored or sanctioned by Medicare and/or HCFA, which violates § 1140 of the Social Security Act. The complainants allege that U.S. Seminar told them that its services were mandatory for providers who wish to do business with Medicare.

On July 29, 1997, Gerald Roy, Special Agent of the OIG, met with Jeff Ribera and Darrell Braithwaite advising them that their conduct regarding their claim of affiliation with Medicare and their suggesting that the seminars were mandatory were unlawful. Despite the notice given at the meeting, complaints continued to be sent to the OIG.

Since complaints were ongoing, on July 28, 2000, the OIG issued a subpoena duces tecum to U.S. Seminar seeking letter, advertisements, mailing lists, employee training materials and other materials. After failing to comply with the subpoena duces tecum, the government filed a petition to enforce administrative subpoena. On March 29, 2002, the Court granted the government's petition for enforcement of inspector general subpoena.[2]

---

[2] The parties dispute whether U.S. Seminar has complied with the subpoena. (Roy Decl. ¶ 9; Ribera Decl. ¶ 3.)

1   The OIG also issued a subpoena to the Union Bank of California for the accounts of U.S.
2   Seminar Corporation. After reviewing bank statements and loans outstanding of U.S. Seminar, Special
3   Agent Roy determined that significant sums of money were being transferred from U.S. Seminar's
4   accounts to the personal accounts of Ribera, Price and Braithwaite. The amounts fluctuated monthly
5   and included several checks made out to cash. Accordingly, the OIG issued subpoenas to Union Bank
6   of California for Petitioners' personal bank accounts and loan information.

## Discussion

The Right to Financial Privacy Act ("RFPA") allows the government to obtain financial records of individuals through an administrative subpoena or summons as long as "there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry" and a "copy of the subpena or summons has been served upon the customer . . . together with . . . [a] notice which shall state with reasonable specificity the nature of the law enforcement inquiry." 12 U.S.C.A. § 3405 (West 2001). The RFPA also allows individuals to contest government access to certain records held by banks and other financial institutions if the applicant provides a statement that the applicant is a customer of the financial institution and the applicant provides "reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry" or "that there has not been substantial compliance with the provisions of this chapter." 12 U.S.C.A. § 3410.

Plaintiff makes a challenge on both grounds arguing that the government's notice fails to state "with reasonable specificity" the nature of the law enforcement inquiry and the documents sought in the subpoena are not relevant to the law enforcement inquiry.

### A.  Sufficiency of Notice

Petitioners argue that the customer notice is vague as to the reasons for the subpoena.

12 U.S.C.A. § 3405 provides that a notice "shall state with reasonable specificity the nature of the law enforcement inquiry." 12 U.S.C.A. § 3405(2). The Court may quash a subpoena if the government has not "substantially complied" with the provisions of the Act. 12 U.S.C.A. § 3410(c). Even if the customer notice is deficient, information provided in the government's response to the challenge can satisfy the sufficiency of notice requirement under § 3405(2). Rodriguez v. Federal Savings & Loan Ins. Corp., 712 F. Supp. 159, 161 (N.D. Cal. 1989) (holding that although plaintiffs

challenge regarding sufficiency of notice may be supportable technically, plaintiffs received adequate notice with the government's opposition papers).

Here, the customer notice states, "[a]n investigation into possible violations of federal law." Even if this statement does not provide sufficient notice of the alleged violation, the information that the government provides in its opposition papers provides sufficient specificity into the nature of the inquiry. See id.

Special Agent Roy explained that in reviewing U.S. Seminar's bank records, significant sums of money were being transferred from U.S. Seminar's accounts to the personal accounts of Ribera, Price, and Braithwaite. Accordingly, the government's investigation concerns these money transfers. Currently, Petitioners have received adequate notice about the government's investigation. See id.

**B.    Relevance to Legitimate Law Enforcement Policy**

Petitioner argues that there is no relevance of their bank accounts to any possible violation and that there is no evidence or inference that they are engaged in inappropriate or illegal conduct.

The RFPA requires that the financial records sought must be "relevant to a legitimate law enforcement inquiry." See 12 U.S.C. § 3405. Relevance for purposes of an administrative subpoena is broad. In re Blunden, 896 F. Supp. 966, 999 (C.D. Cal. 1995). An agency "can investigate merely on the suspicion that the law is being violated, or even just because its wants assurance that it is not." United States v. Morton Salt, Co., 338 U.S. 632, 642-43 (1950). "So long as the material 'touches a matter under investigation,' an administrative subpoena will survive a challenge that the material is not relevant." In re Blunden, 896 F. Supp. at 966 (citation omitted).

Here, the government's subpoena is relevant to a legitimate law enforcement policy. The current subpoena arises from investigation of the solicitation practices of U.S. Seminar. U.S. Seminar is currently under investigation for the possible misuse of the word "Medicare" in its solicitations. In pursuing this investigation, Special Agent Roy discovered that Ribera, Price and Braithwaite, who essentially exercise complete control of U.S. Seminar, have received significant sums of money into their personal accounts. This creates suspicion that the law is being violated. The OIG seeks to identify the assets of Petitioners who may be personally liable for misuse of the term "Medicare" under 24 U.S.C. § 1320b-10 and to investigate the unexplained transfer of proceeds from U.S. Seminar to

those accounts. Therefore, the Court concludes that the subpoenas are relevant to a legitimate law enforcement policy.

## Conclusion

For the reasons provided above, the Court DENIES Petitioners' motions to quash subpoena.

IT IS SO ORDERED.

Dated: 8/7/02

MARILYN L. HUFF, Chief Judge
UNITED STATES DISTRICT COURT

COPIES TO:

Kevin Seely
Assistant Attorney General
Southern District of California
880 Front Street, Room 6293
San Diego, CA 92101

Douglas Brust
Shifflet Kane & Konoske
1230 Columbia Street, Suite 900
San Diego, CA 92101